IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTIN P.,[1] ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | No. 22 C 3038 |
| v. ) | |
| ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| ) | |
|     **Defendant.** ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Martin P.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 13] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 20] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

# BACKGROUND

## I. PROCEDURAL HISTORY

On October 8, 2019, Plaintiff filed a claim for DIB, alleging disability since May 5, 2019. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on October 15, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. Plaintiff's wife and a vocational expert ("VE") also testified. The hearing was conducted with the assistance of a Spanish interpreter.

On November 3, 2021, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of May 5, 2019. At step two, the ALJ concluded that Plaintiff has a severe impairment of asthma. The ALJ

concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can occasionally climb ramps and stairs; cannot climb ladders, ropes, or scaffolds; cannot work around unprotected heights, open flames, or unprotected dangerous moving machinery; cannot work around concentrated exposure to dusts, fumes, gases, or poor ventilation; and cannot work around concentrated exposure to extremes of cold, heat, or humidity. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a welder. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff

3

presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.    JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even

4

in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful

5

appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ ignored findings in two consultative mental status examinations and failed to properly consider Plaintiff's mental impairments in combination with his physical impairments; (2) the ALJ's finding that Plaintiff's statements are inconsistent is not supported by substantial evidence; and (3) the ALJ failed to properly develop the record and failed to properly consider the statements of Plaintiff's wife. Each argument will be addressed below in turn.

6

A.     **The ALJ's Consideration of Plaintiff's Mental Impairments**

In advancing his first argument, Plaintiff contends that the ALJ erroneously "failed to factor any limitations arising from [Plaintiff's anxiety and adjustment disorder] into the RFC assessment." (Pl.'s Memo. at 7.) Further, according to Plaintiff, the ALJ "failed to consider the combined effects of Plaintiff's impairments on his ability to sustain full-time work." (*Id.* at 9.) Pertinent to Plaintiff's arguments, in determining that Plaintiff's alleged mental limitations are nonsevere, the ALJ reasoned as follows:

> The claimant's medically determinable mental impairments of anxiety disorder and adjustment disorder with depressed and anxious mood, considered singly and in combination, do not cause more than minimal limitations in the claimant's ability to perform basic mental work activities.
>
> The medical evidence shows that the claimant was diagnosed with anxiety by his primary care provider and was prescribed Zoloft. There is no documentation of being referred for psychiatric treatment or counseling. The undersigned notes that the function and third party function reports indicated that the claimant's main limitations are due to shortness of breath, not his mental impairments. The reports also indicate that he is independent in self-care and regularly goes to Walmart and the grocery store. He helps with household chores such as washing dishes, plays cards and watch[es] TV, [and] visits with kids and grandkids. There is no indication of difficulty in public or around others, and the emergency department records and the multiple consultative exams do not indicate that the claimant had any difficulty interacting with the unfamiliar medical personnel.

(R. 867.) The ALJ then considered the "paragraph B" criteria and set forth a fulsome analysis of each functional area, finding that Plaintiff had only mild limitations. (*Id.* at 867-868.)

The Court finds no error with respect to the ALJ's analysis of Plaintiff's alleged mental limitations. Plaintiff argues that the ALJ erred in that she did not

7

"mention the non-benign findings of two consultative psychological examiners, both of whom documented depressed and sad mood and symptoms of anxiety." (Pl.'s Memo. at 8.) However, as Defendant points out, the observation of Plaintiff's sad mood was one of the few positive results from otherwise negative mental status exams and the consultants did not opine as to any related functional work limitations. Furthermore, the ALJ relied on the opinions of the State agency consultants in determining that Plaintiff had mild, non-severe mental impairments. (R. 872.) With respect to mental impairments, an ALJ is entitled to rely on State agency consultants "given that they are experts in Social Security disability evaluation." *Rodolfo M. v. Kijakazi*, No. 21 C 5565, 2023 WL 264913, at *7 (N.D. Ill. Jan. 18, 2023). So, the ALJ did not err here in relying on the consultants' opinions to support her determination that Plaintiff had only mild limitations. *See Michelle M. L. v. Kijakazi*, No. 20 C 6793, 2022 WL 3297619, at *8 (N.D. Ill. Aug. 11, 2022) ("In assessing Michelle's mental impairments, the ALJ also permissibly relied on the state agency psychological consultants – who review Michell's record and found that her mental impairments caused a mild limitation in each of the four areas of mental functioning and were non-severe."); *Roque v. Colvin*, No. 15 C 392, 2016 WL 1161292, at *3 (N.D. Ill. Mar. 22, 2016) ("The ALJ reasonably relied on [the state agency psychologist's] opinion in assessing Roque's mental RFC.") The conclusions of the State agency consultants provide the substantial evidence necessary to support the ALJ's finding. *See Elizabeth A. D. v. Saul*, No. 19 C 6024, 2021 WL 148831, at *5 (N.D. Ill. Jan. 15, 2021).

8

Ultimately, the Court concludes that Plaintiff has not demonstrated that his mild mental limitations coupled with his physical impairments required corresponding restrictions in the RFC. Correspondingly, the Court finds that the ALJ sufficiently considered whether mental limitations arising from Plaintiff's non-severe mental impairments were warranted. As for Plaintiff's argument that the ALJ did not sufficiently consider his impairments together in combination, the Court finds that contention unavailing as it amounts to an impermissible request that the evidence be re-weighed. *See Cindy P. v. Kijakazi*, No. 20 C 6708, 2022 WL 2802328, at *4 (N.D. Ill. July 18, 2022) ("While Plaintiff argues that the ALJ did not sufficiently assess her impairments in combination, the Court agrees with Defendant that Plaintiff's contention in that regard amounts to an invitation for the Court to reweigh the evidence.").

### B.     The ALJ's Assessment of Plaintiff's Alleged Symptoms

For his second argument, Plaintiff contends that the ALJ erred in finding Plaintiff's reported symptoms not entirely credible and "[t]he ALJ's finding that Plaintiff's statements are inconsistent is not supported by substantial evidence." (Pl.'s Memo. at 10.) With respect to Plaintiff's allegations, the ALJ ultimately reasoned as follows:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent. Overall, the objective evidence does not support disabling allegations. The claimant has treated with his primary care provider, a nurse practitioner at Portage Health Center. As noted above, the majority of his respiratory exams have been unremarkable. He had a couple of abnormal exams having diminished breath sounds in September 2019 (with rhonchi, wheezing, and rales absent), and rhonchi present in May 2021 (with

9

> normal breath sounds and wheezes and rales absent). His consultative exams also showed some abnormalities on the respiratory exam as noted above. However, the claimant's oxygen levels are always in the 90's and most often measured at above 95%. He has no difficulty speaking in full sentences, and no difficulty moving about has been noted on exams. He was seen in the emergency department twice, where his work-ups were negative. He has complained of shortness of breath and chest pain at these emergency visits, but there is no documentation for actual asthma exacerbations and no admissions for asthma. He is told to follow up with his primary care office. I note that this is despite his testimony that he has asthma attacks 5-10 times a week, or up to 15-20 times per month. The undersigned notes that he does not report this severity of attacks to his providers, and if he had it is likely that a referral to a pulmonary specialist would be made. The claimant has not been referred to a pulmonologist despite his complaints. Further, his pulmonary function tests do not show anywhere near listing level impairment. Moreover, if he were having the severity and frequency of asthma attacks indicated at the hearing, one could expect that he would seek more intensive and/or frequent treatment and likely present to an emergency room for evaluation and treatment.

(R. 871 (citations omitted).)

This Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). "[P]atently wrong . . . means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (citation omitted). Under that standard, the Court finds that, per the ALJ's explanation and support quoted above, the ALJ reasonably determined that Plaintiff's subjective symptoms were not fully corroborated. *See Atkins v. Saul*, 814 F. App'x 150, 155 (7th Cir. 2020) ("Here, the ALJ otherwise explained his conclusion adequately. He explained that the objective medical evidence and Atkins's daily activities did not corroborate his subjective symptoms.") (citations and internal quotations omitted); *Prill v. Kijakazi*, No. 21-1381, 2022 U.S.

App. LEXIS 1072, at *23 (7th Cir. Jan. 13, 2022) ("Substantial evidence supports the ALJ's determination that Prill's account of her subjective symptoms was not consistent with her medical records."); *Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no reversible error on this front either."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) ("[T]he ALJ's credibility determination was not 'patently wrong,' because she found [claimant] not credible for several reasons that were adequately supported by the record.") (citation omitted); *cf. Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms."). Ultimately, Plaintiff has not shown that the ALJ's evaluation of his alleged symptoms was "patently wrong," as was Plaintiff's burden. *See Horr v. Berryhill*, 743 F. App'x 16, 19–20 (7th Cir. 2018). Accordingly, the Court finds Plaintiff's second argument unavailing.

      C.    **<u>Additional Medical Evidence and Third-Party Function Report</u>**

In advancing his third argument, Plaintiff contends that the ALJ neglected her "duty to build a full and fair record" and should have sought "further medical evidence to clarify an unresolved issue." (Pl.'s Memo. at 14.) According to Plaintiff, the ALJ should have "contacted sources or called upon a medical expert to help interpret medical records." (*Id.*) However, the necessity of medical opinions is a matter subject to the ALJ's discretion. *See Jesus P. v. Saul*, No. 19 C 2271, 2020

11

U.S. Dist. LEXIS 105788, at *33 (N.D. Ill. June 17, 2020) ("An ALJ's retention of a medical expert is discretionary and 'there is no requirement that ALJs contact all treating physicians for disability opinions.'") (citations omitted). Further, the job of assessing a claimant's work-related abilities lies solely with the ALJ, not a medical expert. *See Thomas v. Colvin*, 745 F. 3d 802, 808 (7th Cir. 2014) ("[T]he determination of a claimant's RFC is matter for the ALJ alone – not a treating or examining doctor – to decide.") (citation omitted). Moreover, the Seventh Circuit has made clear that "[t]he claimant bears the burden of producing medical evidence that supports her claims of disability." *Eichstadt v. Astrue*, 534 F.3d 663, 668 (7th Cir. 2008); *see also Punzio v. Astrue,* 630 F.3d 704, 712 (7th Cir. 2011) ("The claimant bears the burden of submitting medical evidence establishing her impairments and her residual functional capacity.") (citations omitted). As Defendant points out, "[t]he record before the ALJ contained four consultative exams and four medical opinions." (Def.'s Memo. at 8.) Under the circumstances, the Court must reject Plaintiff's contention that the ALJ should have obtained additional medical evidence.

Finally, Plaintiff contends that the ALJ did not properly consider the third-party function report and testimony provided by his wife. The ALJ assessed Plaintiff's wife's statements as follows:

> The undersigned also considered the third party function report and testimony from Guadalupe Palos, the claimant's wife. Mrs. Palos testified about the length of the time it took to complete the consultative exams, indicating that she and her husband were at one office for a total of five hours. However, as she is not a medical professional, she has no qualifications to provide testimony about the quality or appropriateness

12

> of the examinations. I note she testified she does not live with the claimant, and she works part-time, coming to help the claimant, according to his testimony, every two or three days. Thus, any observations about his day to day functioning would necessarily be limited. Mrs. Palos' testimony and statements have been considered but are not probative of medical findings.

(R. 872 (citation omitted).) The Court concludes that this fulsome consideration of Plaintiff's wife's statements was sufficient. Importantly, the ALJ was not required to articulate how evidence from nonmedical sources was considered using the requirements in 20 C.F.R. § 404.1520c(a)-(c). *See* 20 C.F.R. § 404.1520c(d) ("We are not required to articulate how we considered evidence from nonmedical sources using the requirements in paragraphs (a)-(c) in this section."). Accordingly, the Court finds Plaintiff's final argument unavailing.

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 13] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 20] is granted.

**SO ORDERED.**  **ENTERED:**

*[signature: Maria Valdez]*

**DATE:     May 4, 2023**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**